**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARA G. MAURER,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; THE LAW OFFICES OF SARA G. MAURER LONG TERM DISABILITY PLAN,<br><br>    Defendants - Appellees. | No. 11-16044<br><br>D.C. No. 3:08-cv-04109-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted December 3, 2012
San Francisco, California

Before:  SILVERMAN, GRABER, and GOULD, Circuit Judges.

    Plaintiff Sara G. Maurer, the beneficiary of a long-term disability plan ("the

Plan") that is governed by the Employee Retirement and Income Security Act of

1974 ("ERISA"), challenges the discretionary decision of Defendant Reliance

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Standard Life Insurance, the Plan's administrator, to terminate her disability benefits. The district court held that Defendant did not abuse its discretion in terminating her benefits. Because we hold that Defendant permissibly applied the Plan's "mental/nervous" limitation to terminate Plaintiff's benefits, we affirm.

1. We assume, without deciding, that we must apply a high level of skepticism in assessing whether Defendant abused its discretion. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965–69 (9th Cir. 2006) (en banc) (discussing the scope of our review in this context). Even applying a high level of skepticism, the record supports Defendant's decision to terminate benefits.

2. Defendant permissibly interpreted the "mental/nervous" limitation to preclude coverage when, in the absence of a mental or nervous disorder, a beneficiary would be physically capable of working. Defendant's interpretation is consistent with the Plan's limitation of coverage for disabilities that are "caused by or contributed to" by mental disorders. (Emphasis added.) The doctrine of contra proferentem does not apply "where, as here, the Plan grants the fiduciary explicit discretion to interpret the Plan." Winters v. Costco Wholesale Corp., 49 F.3d 550, 554 (9th Cir. 1995); accord Blankenship v. Liberty Life Assurance Co. of Boston, 486 F.3d 620, 625 (9th Cir. 2007). Further, nothing in the text of the Plan specifies

2

that the limitation applies only when a mental disorder is the sole cause of a disability, as Plaintiff would interpret it.

3. The record contains ample support for Defendant's conclusion that, in the absence of any mental or nervous disorder, Plaintiff would be physically capable of working. Based on Plaintiff's medical records, three doctors found that her psychological problems contributed to her disability. Dr. Hauptman concluded that "psychological factors including stress are the primary factors that correlate with [Plaintiff's] reports of increasing musculoskeletal symptoms." Dr. Schofferman, although acknowledging that he lacked some important information about Plaintiff's physical condition, had an "overall sense that without the psychiatric elements, the patient would be capable of work activity." And Dr. Birnbaum did not "find purely physical reasons for [Plaintiff's] claim of disabling pain" but concluded that her "symptoms are primarily related to chronic pain and psychiatric dysfunction rather than inflammatory disease." Dr. Hines' opinion that Plaintiff's physical problems caused her mood disorder and Dr. Campagna's opinion that there is a physical basis for Plaintiff's disability are not inconsistent with Defendant's conclusion that a mental disorder at least "contributed to" her disability. (Emphasis added.)

4. Because our holding that Defendant did not abuse its discretion in applying the "mental/nervous" limitation to terminate Plaintiff's benefits is sufficient to affirm the judgment of the district court, we need not address the remaining issues presented and express no views about them.

**AFFIRMED.**