KING, Circuit Judge,
dissenting:
I agree with the majority’s analysis contained in Sections I and II.A of its opinion. However, I respectfully dissent from its judgment, as I disagree with the majority’s conclusion in Section II.B that RSL abused its discretion when it determined that George’s disability was “caused by or contributed to by” a mental disorder.
The majority concedes that “George’s depression and PTSD impaired his ability to hold down a job.” In my view, this should end the inquiry. Based on this impairment, it was more than reasonable for RSL to conclude that George’s mental conditions at least contributed to his disability, thus triggering the exclusion. The majority not only disagrees with this conclusion, but also determines — as it must, in order to reverse the judgment of the district court — that RSL abused its discretion in reaching it. Given that “[o]ur review of the administrator’s decision ... need only assure that the administrator’s decision fall somewhere on a continuum of reasonableness — even if on the low end,” Holland v. Int’l Paper Co. Ret. Plan, 576 F.3d 240, 247 (5th Cir.2009) (internal quotation marks omitted), it is difficult to comprehend how the majority arrived at this result.
The majority reasons that, “[e]ven if George were completely healed of his mental disabilities, he would still be limited to sedentary jobs,” noting that “George’s physical disabilities placed a firm ceiling on his vocational prospects.” I do not disagree with these points. I do disagree, however, that these facts compel the conclusion that the mental disorder exclusion is inapplicable. The majority relies on a “but-for cause” interpretation of the exclusion that is supported only by dicta contained in several cases outside of this circuit.[1] Under the construction adopted by the majority, where physical symptoms independently render a person disabled, a mental disorder — no matter its severity— can never cause or contribute to that person’s disability.[2] This “but-for cause” test appears to be at odds with the plain language of the exclusion, which applies where the disability is “caused by or contributed to by ” a mental disorder, (emphasis added). The majority’s reading also assumes a certain order of operations— that we first look at the extent of the physical symptoms before considering *358-368 whether the mental condition causes or contributes to the disability. I see nothing in the policy to support such an analysis of what is, after all, an exclusion.
Moreover, because — as the majority recognizes — George has not challenged whether RSL’s interpretation was “legally correct,” we are limited to deciding whether RSL’s decision constituted an abuse of discretion. At the very least, it was reasonable for RSL to determine that George’s severe mental conditions contributed to his disability, particularly in view of the fact that George’s own doctor so opined. Cf. Morris v. Standard Ins. Co., No. CIV. 98-992-HU, 1999 WL 820202, at *5 (D.Or. Sept. 21, 1999) (concluding that plan limitation for a disability “caused or contributed to by a mental disorder” applied where the plaintiff “suffer[ed] from physical and mental disorders which ... affected her ability to perform the material functions of her job,” because “[w]hether plaintiff suffered a distinct and separate physical disability is immaterial under the [limitation’s] language”).
Accordingly, I would hold that RSL did not abuse its discretion in applying the mental disorder exclusion to George’s claim. It is a dreadful result, driven by a dreadful provision in the policy. The more serious a claimant’s physical problems (and resulting employment problems), the more likely he is to suffer from a “mental disorder” (e.g., depression), just at the time when he most needs the coverage otherwise afforded by a policy like this. But we are bound by RSL’s decision applying the exclusion, which was within its discretion. Because I would affirm the judgment of the district court on this basis, I respectfully dissent.

. I say "dicta” because in each of the cases cited by the majority, the court affirmed the insurer’s denial of benefits on the basis of the mental disorder limitation. See Eastin v. Reliance Standard Life Ins. Co., No. 13-6247, 2014 WL 3397141, at *2 (6th Cir. July 10, 2014); Maurer v. Reliance Standard Life Ins. Co., 500 Fed.Appx. 626, 627-28 (9th Cir.2012); Gunn v. Reliance Standard Life Ins. Co., 399 Fed.Appx. 147, 153 (9th Cir.2010); Michaels v. The Equitable Life Assur. Soc’y of U.S. Emps., Managers, & Agents Long-Term Disability Plan, 305 Fed.Appx. 896, 907-08 (3d Cir.2009) (remanding to allow insured to demonstrate extent of physical disability). Those courts did not have the occasion to address the question at issue here — i.e., whether a disability can be "caused or contributed to by” a mental disorder where physical symptoms independently render the claimant totally disabled.

. The majority implies that RSL itself adopted this "but-for cause” construction, quoting a portion of its brief in which it argued that George "had to prove that he was physically unable to perform the duties of any occupation.” However, RSL alternatively argued that "[njotwithstanding [George’s ability to] perform [] the material duties of several different alternative occupations, the district court did not err when it concluded that the evidence supports [RSL's] determination that George’s [PTSD] and depressive disorder contribute to his total disability.” (internal quotation marks omitted).